**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| Togy Trading Co., Limited dba Zoomsnail,<br><br>   *Plaintiff*,<br>  v.<br><br>Michael Domesick,<br>AbMill, LLC,<br><br>   *Defendants*. | Civil Action No. 3:25-cv-1833<br><br>JURY DEMAND |

<u>**ORIGINAL COMPLAINT**</u>

Plaintiff Togy Trading Co., Limited dba Zoomsnail ("Plaintiff" or "Zoomsnail") primarily seeks a declaratory judgment of patent non-infringement of plank support exercise apparatus as defined herein ("Accused Products") and unenforceability against United States Patent No. 11,491,364 ("Patent").

**INTRODUCTION**

1. Over the past twenty years, online retailing has revolutionized how foreign companies reach American consumers. The rise of electronic marketplaces combined with a dramatic increase in transport speed and improved logistic networks has allowed even relatively small companies to compete globally. These developments have generally increased competition and lowered prices.

2. The web domain "Amazon.com" hosts the Amazon Marketplace and its millions of product listings; it is United States specific and targets American consumers. For an online retailer to effectively compete in the United States, it must sell on the Amazon Marketplace. According to bigcommerce.com, "Each month more than 197 million people around the world get on their devices and visit Amazon.com. That's more than the entire population of Russia. In 2018,

Amazon's share of the US e-commerce market hit 49%... that is more than Amazon's top three competitors combined, with eBay coming in at 6.6%, Apple at 3% and Walmart at 3.7%."

3.      Nine out of ten American consumers use Amazon to price check products they find elsewhere, and roughly 95 million people have Amazon Prime memberships in the United States. Facing the considerable challenges of managing this sprawling hive of commercial activity, Amazon, Inc. established intellectual property complaint and enforcement systems for Amazon.com primarily designed to protect itself from contributory infringement liability. These include a patent infringement reporting mechanism and a binding pseudo-arbitration evaluation procedure currently known as the Amazon Patent Evaluation Express.

4.      In sum, after Amazon receives a patent infringement complaint, it may unilaterally remove the accused listings as a violation of their policies. Once this happens, accused sellers are left with limited options to appeal or overturn the removal, including submitting a court order stating that the accused seller is allowed to sell the accused products and hence are not violating Amazon policy for each of the listings mentioned in a deactivation notification.

5.      It is against this backdrop that Defendants Michael Domesick ("Domesick") and AbMill, LLC ("AbMill") (collectively "Defendants") reported to Amazon meritless and bad faith "Intellectual Property Violation" against the Accused Products, specifically alleging infringement of the Patent, and resulting in the delisting of the Accused Products.

### NATURE OF THE ACTION

6.      This is an action for Declaratory Judgment of patent non-infringement and invalidity arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the United States Patent Laws, 35 U.S.C. § 101 *et seq.*

7.      This action arises from a complaint submitted by Defendants to Amazon.com concerning Plaintiff's Amazon listing under ASINs B0DQXTG919 and B0DQXZ651K, causing significant harm to Plaintiff.

## PARTIES

8.      Plaintiff Togy Trading Co., Limited dba Zoomsnail is a type of foreign limited liability company organized under the laws of Hong Kong SAR.

9.      Based upon Defendant's statements to the United States Patent and Trademark Office ("USPTO"), Defendant Domesick is an individual resides in New Britain, Connecticut, 06053.

10.      Upon information and belief, Defendant AbMill is a Massachusetts limited liability company with a principal place of business located at 82 Wendell Avenue, Suite 100, Pittsfield, Massachusetts 01201.

## JURISDICTION AND VENUE

11.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a) because it arises under the Patent Laws of the United States, 35 U.S.C. §§ 101 *et. seq*. Jurisdiction over the subject matter of this action is further provided under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

12.      Defendants are subject to this Court's personal jurisdiction pursuant to the due process clause of the Constitution and/or the Texas Long Arm Statute, due at least to Defendants' substantial business in this State and District, including: regularly conducting and soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from Texas residents.

13.      Venue is proper in this District pursuant to 28 U.S.C. § 1391.

**THE ACCUSED PRODUCTS**

14.     Plaintiff is an e-commerce company selling various exercise apparatus on Amazon under the store named Zoomsnail.

15.     The Accused Products at issue are exercise apparatus identified by ASIN Nos. B0DQXTG919 and B0DQXZ651K.

16.     The Amazon marketplace constitutes Plaintiff's primary sales channel into the United States. To remain competitive in the United States market for exercise apparatus, Plaintiff needs their products listed in the Amazon marketplace.

17.     Defendants' ability to use Amazon infringement complaints as an inequitable injunction significantly harm Plaintiff. In addition to the direct effects of monetary losses, the delisting of products immediately results in lost sales numbers, product reviews, and product ratings, which are all important factors in determining their Amazon ranking. Amazon ranking is in turn important to product visibility in consumer searches and to Amazon's award of the "Amazon Choice" badge or the "Amazon Bestseller" designations which create a significant sales boost.

**UNITED STATES PATENT NO. 11,491,364**

18.     Defendant Domesick is the assignee of record of the Patent, attached as Exhibit A.

19.     The Patent is entitled "PLANK SUPPORT EXERCISE APPARATUS AND RELATED METHODS" and generally discloses: "An apparatus for facilitating a user to achieve a plank position, the apparatus comprising an arm support pad, a hand grip, a frame member, extending from proximate a front of the apparatus to proximate a back of the apparatus, wherein at least one portion of the frame member has a tubular shape at which at least one portion of the arm support pad is attached, wherein the frame member has the hand grip disposed at a first end

and the arm support pad disposed at a second end proximate the back of the apparatus, and wherein the hand grip is configured to contact a hand of an arm of the user while the arm support pad is positioned distally from the hand grip in contact with the arm of the user, a contact surface configured to engage a ground surface underneath the frame member or the arm support pad, wherein the contact surface is configured to allow the apparatus to rest on the ground surface whereby when the apparatus is placed on the ground surface, the contact surface is in level contact with the ground surface." *Id*.

20.    The Patent was filed on October 12, 2018, and was issued on November 8, 2022. *Id*.

21.    The Patent claims priority to application No. 15/959,405, filed on Apr. 23, 2018, now Pat. No.10,286,245. *Id*.

22.    The Patent comprises fourteen (17) claims all directed to a plank support exercise apparatus. *Id.*

## DEFENDANT

23.    Defendants sell plank support exercise apparatus protected by the Patent under the name Domesick.

24.    In early 2025, Defendants lodged a meritless Amazon infringement Complaint (Complaint ID: 17352435101) ("Complaint") against Plaintiff and the Accused Products. *See* Exhibit B.

25.    Therein, Defendants identified the Patent as the intellectual property asserted.

26.    Defendants further identified themselves as the rights holder and provided their email as <abmillllcinfringement@yahoo.com >.

27.    Amazon responded to the Complaints by quickly removing or delisting the Accused

Products.

## CLAIM I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT

28.    Plaintiff incorporates by reference the preceding paragraphs as though fully set

forth herein.

29.    An actual, continuing, and justiciable controversy exists between Plaintiff and

Defendants as to the non-infringement of the Patent by the Accused Products, as evidenced by

Defendants' allegations of infringement on Amazon, as set forth above.

30.    Pursuant to the Declaratory Judgment Act, Plaintiff requests a judicial

determination and declaration that the Accused Products do not infringe and have not infringed,

either directly or indirectly, literally or under the doctrine of equivalents, any claims of the Patent.

31.    For example, the Accused Products do not comprise each and every element of

exemplary claim 1 of the Patent. The following elements of claim 1 of the Patent are missing from

the Accused Products: "wherein at least one portion of the frame member has a tubular shape at

which at least one portion of the arm support pad is attached, wherein the frame member has the

hand grip disposed at a first end and the arm support pad disposed at a second end proximate the

back of the apparatus, and wherein the hand grip is configured to contact a hand of an arm of the

user while the arm support pad is positioned distally from the hand grip in contact with the arm of

the user," and "a destabilization device configured to facilitate a destabilization of the apparatus,

wherein the destabilization device facilitates a rotational movement of the frame member about at

least one rotational axis."

32.    Specifically, the Accused Products do not comprise the claimed frame member with

a tubular shape.  In contrast, the Accused Products have a rectangular pad which is comparable to

the contact surface of claim 1 of the '364 Patent, which does not have a portion to be considered tubular in shape.

33.    Specifically, the Accused Products further do not comprise the claimed arm support pads. In contrast, the Accused Products have a rectangular pad with two arm grips but do not have any attachments that are used to support the arms/elbows.

34.    Additionally, the Accused Products further do not comprise the claimed configured destabilization device. In contrast, the Accused Products lay flat on the ground and no not have portions which would provide this destabilization effect.

35.    Plaintiff therefore requests a judicial declaration that the Accused Products do not infringe any claims of the Patent.

## JURY DEMAND

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, demands a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court enter the following in favor of Plaintiff:

A.  Preliminary and permanent injunctions ordering Defendants to withdraw all Amazon infringement complaints lodged against the Accused Products regarding the Patent, and to refrain from lodging any further infringement complaints regarding the same;

B.  A finding and declaratory judgment that the Accused Products do not infringe any claim of the Patent;

C. A finding and judgment that this case is exceptional and an award to Plaintiff of its costs, expenses, and reasonable attorney fees incurred in this action pursuant to 35 U.S.C § 285; and

D. Such further and additional relief as the Court deems just and proper.

Dated: July 11, 2025                     Respectfully submitted,

                                         */s/ Timothy T. Wang*
                                         Timothy T. Wang
                                         Texas Bar No.: 24067927

                                         Ni, Wang & Massand, PLLC
                                         8140 Walnut Hill Lane, Suite 615
                                         Dallas, TX 75231
                                         972-331-4603
                                         twang@nilawfirm.com


                                         *Counsel for Plaintiff*